UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN


Management Solution Holdings,
LLC., Aaron Morris and Shannon
Steel,


        Plaintiffs,

v                                  Civil Action No.
                                     Honorable

City of Southfield,


        Defendant.
_____/
Matthew Broderick P47403
Attorney for Plaintiff
411 West 13 Mile Road
Suite 150
Madison Heights, MI 48071
248-733-3585
broderickslaw@gmail.com
_____/


There is no other pending or resolved civil action
arising out of the transaction or occurrence alleged in the complaint.


**Complaint**

Now come the Plaintiffs and for their Complaint state as follows:

**Common Allegations**

1.  Plaintiff Management Solution Holdings, LLC is Michigan limited

1

liability company who conducts business in this district.

2. Plaintiff Aaron Morris is an individual residing in this district; he is and was at all times pertinent hereto a member and shareholder of Management Solutions.

3. Plaintiff Shannon Steel is an individual residing in this district; she is and was at all times pertinent hereto a member and shareholder of Management Solutions.

4. Defendant City of Southfield is upon information and belief a municipal corporation organized under the laws of the State of Michigan; it is a resident of this district.

5. Venue is proper in this court based on the citizenship and residency of the parties.

6. Damages are alleged and they are in excess of the jurisdictional limit of this court.

7. Further, claims are alleged under the Fifth and Fourteenth Amendments of the Constitution and under 42 USC 1983. Jurisdiction is conferred by 28 USC 1331, 1343(a)(3), and (4).

8. In 2019, Plaintiffs became the proprietors of a hotel located in the City of Southfield, Michigan.

9. As part of their proprietorship and ownership of the hotel, Plaintiffs signed a variety of franchise agreements with Ramada Wyndham Hotels based in New Jersey.

10. In 2019, Plaintiffs began operating the hotel and taking in guests.

11. The City of Southfield and its agents conducted an inspection and gave a temporary certificate of occupancy pending resolution of certain upgrades.

12. Plaintiffs hired contractors to perform the upgrades and the upgrades were in fact made.

13. In March 2020, Plaintiffs conducted a grand opening event that was attended by the Michigan Lieutenant Governor among other local political figures.

14. The political designees were celebrating the fact that Plaintiffs, who are African American, were minority owners of a national brand, a rare and exceptional fact.

15. Shortly after the grand opening, COVID-19 hit American society.

16. Plaintiffs thereafter obtained contracts with the State of Michigan, the County of Oakland and the City of Detroit to house people for a fee to help maintain social distancing as was mandated by Federal, State and local health officials.

17. In the spring and summer of 2020, agents for the City of Southfield began harassing Plaintiffs and interfering with the operation of their hotel.

18. The harassing conduct included: having the police ticket contractors, having surprise site visits, intentionally failing to approve improvements as being compliant with Code.

19. The harassment culminated in Plaintiff Shannon Steel and her sister being arrested for an alleged code violation and approximately twenty (20) police officers appearing at the hotel and posting a notice effectively closing the hotel and essentially evicting all the guests.

20. None of the actions by Southfield personnel were done after a court proceeding that provided notice and opportunity to be heard.

21. As such, all substantive and procedural safeguards provided United States citizens were ignored.

22. To wit, there had not been a ticket with an opportunity to cure or judicial finding of a nuisance as is the common and required method for code enforcement by municipal authorities.

23. The actions of Defendant's agents effectively ended the proprietorship of Plaintiffs' hotel operation.

24. Defendant's actions were improper, violated a variety of state and federal constitutional and statutory protections and were motivated by improper racial or other animus.

4

25. The last allegation is supported by a comment made by an employee of Southfield who stated that we don't like "black female entrepreneurs bringing Detroit out to Southfield."

26. In June of 2023, Plaintiffs were sued by Ramada Wyndham for in excess of $10,000,000.00.

27. That suit alleges a breach of the franchise agreement by Plaintiffs and is pending in the United States District Court for New Jersey.

28. Any alleged breach of the franchise agreement was directly caused by the improper, illegal and unconstitutional actions of the Defendant in this case as those actions are set forth above and as may be revealed during the course of discovery.

## Count I
## Fifth and Fourteenth Amendment Violations

29. Plaintiffs incorporate by reference paragraphs 1 through 28.

30. Plaintiffs constitutionally protected rights that Defendant agents violated include the following:  the right to property as protected in the substantive component of the Due Process Clause of the Fifth and Fourteenth Amendments and the right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the Fourteenth Amendment

5

31. Defendant's agents acting under color of state law as found in various regulatory schemes shut down Plaintiffs' hotel without the authority of judicial action and thereafter deprived Plaintiffs of access to the property thereby depriving Plaintiffs of the constitutionally protected rights identified above.

32. Defendant's agents' violation of their affirmative duties and their shutting down of the hotel is a direct and proximate cause of the subsequent deprivation of Plaintiff's constitutional rights described above.

33. Defendant's agents acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiffs' constitutional rights.

34. As a direct and proximate result of Defendant's agents' conduct, Plaintiffs' have lost their property and all anticipated profits that would have been generated from that property. Plaintiffs are entitled to just compensation for this loss.

35. Defendants' agents acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiffs.

36. As a direct and proximate result of these policies, practices, and customs, Plaintiffs were deprived of Plaintiffs' constitutionally protected rights described above.

PLAINTIFFS REQUEST that this court enter judgment against Defendant in an amount consistent with the damages sustained.

## Count II
## Fraudulent Misrepresentation

37. Plaintiff incorporates by reference paragraphs 1 through 36.

38. Defendant and its agents intentionally made false representations of material facts to Plaintiffs and the public that the Hotel was shut down by an appropriate process under law.

39. Defendant's representations were false when they were made.

40. Defendant knew that its representations were false when they were made, or Defendant made them recklessly, without knowing whether they were true.

41. Defendant intended that Plaintiffs would rely on the representations.

42. Plaintiffs and the public relied on Defendant's false representations in the cessation of hotel operations.

43. As a result of Defendant's fraudulent misrepresentations, Plaintiffs have suffered substantial economic losses.

PLAINTIFFS REQUEST that this court enter judgment against Defendant in an amount consistent with the damages sustained.

### Count III
### Innocent Misrepresentation

44. Plaintiff incorporates by reference paragraphs 1 through 43.

45. Defendant's representations, as set forth in the preceding paragraphs, were made in connection with the exercise of a governmental function and related to Plaintiffs and their customers and persons and entities with whom it had had contracts.

46. Plaintiffs would not have lost their individual and collective contracts if Defendant's agents had not made the representations.

47. Plaintiffs have suffered substantial economic losses as a result of the loss of their contracts.

PLAINTIFFS REQUEST that this court enter judgment against Defendant in an amount consistent with the damages sustained.

### Count IV
### Exemplary Damages

48. Plaintiff incorporates by reference paragraphs 1 through 47.

49. Defendants' agents' representations were made intentionally and maliciously and have caused Plaintiffs to suffer humiliation, outrage, and indignation.

PLAINTIFFS REQUEST that this court enter judgment against Defendant in an amount consistent with the damages sustained.

## Count V
## Tortious Interference with a Contractual Relationship

50. Plaintiff incorporates by reference paragraphs 1 through 49.

51. Plaintiffs had business relationships and expectancies which had a reasonable likelihood of future economic benefit for Plaintiff.

52. Defendant knew of the contracts and business relationships and expectancies between Plaintiff and its customers.

53. In June of 2023, Plaintiffs business relationships and contract was terminated by Ramada Wyndham.

54. By its conduct described above, Defendant intentionally and improperly interfered with the contracts and business relationships and expectancies between Plaintiffs, its customers and Ramada Wyndham.

55. The actions of Defendants' agents were intended to, and did, interfere with the contracts and business relationships and expectancies, causing their breach, disruption, or termination.

56. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered substantial economic injury, loss of goodwill, harm to its

business reputation, loss of esteem and standing in the community, and loss of business opportunities.

PLAINTIFFS REQUEST that this court enter judgment against Defendant in an amount consistent with the damages sustained.

RESPECTFULLY SUBMITTED,

Dated: 1/30/2024                              */s/Matthew Broderick*
                                             Matthew Broderick P47403
                                             Attorney for Plaintiffs
                                             411 West 13 Mile Road, Ste 150
                                             Madison Heights, Michigan 48071
                                             248-733-3585
                                             Broderickslaw@gmail.com